**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CR-21-76-SLP-14 |
| | ) | CIV-24-691-SLP |
| | ) | |
| MATTHEW PERRY, | ) | |
| a/k/a Money Pak, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Defendant, Matthew Perry (Mr. Perry), appearing pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 721].[1] The Government has filed a Response [Doc. No. 735] and Mr. Perry has filed a Reply [Doc. No. 741]. For the reasons that follow, the Court finds that resolution of the claims raised in Grounds Two through Four is proper on the briefing submissions and denies the Motion as to those claims. But the Court finds, and the Government concedes, that an evidentiary hearing is necessary as to the claim raised in Ground One, in which Mr. Perry alleges his counsel failed to file a direct appeal of his conviction, notwithstanding his specific instruction to do so, and therefore, the Court defers its ruling as to that claim.

**I.      Background**

On April 8, 2021, Mr. Perry and 17 codefendants were charged in a 196-count

---

[1] Because Mr. Perry is appearing pro se, the Court construes his pleadings liberally, but does not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Indictment with crimes relating to drug trafficking and money laundering. *See* [Doc. No. 109]. Mr. Perry was charged with two counts – Drug Conspiracy, in violation of 21 U.S.C. § 846 (Count 1) and Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 9). On June 28, 2022, Mr. Perry, having entered into a plea agreement with the Government and pled guilty to the Drug Conspiracy charge. *See* Doc. No. 354-355. Mr. Perry's guilty plea was made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The parties agreed to a sentence between 180 and 540 months' imprisonment, to run concurrent to any existing state sentence(s). *See* Doc. 355 at 5. As part of the plea agreement, Mr. Perry "waive[d] the right to collaterally challenge or move to modify (under 28 U.S.C. § 2255 . . . ) [his] conviction or sentence . . . except with respect to claims of ineffective assistance of counsel." *Id*. at 8.

Ultimately, the Court accepted the plea agreement and sentenced Mr. Perry to 420 months' imprisonment. *See* Doc. 602 at 1; 604 at 2. The Court adopted the Presentence Investigation Report (PSR), *see* Doc. No. 556, without change. *See* Doc. No. 605 at 1. As set forth in the PSR, Mr. Perry's advisory Guidelines range was 360 months to life imprisonment. *See* Doc. No. 556, ¶ 89. Petitioner did not file a direct appeal of his conviction or sentence.

## II.    **Grounds for Relief**

In his § 2255 Motion, Petitioner seeks relief raising three separate grounds of ineffective assistance of counsel: (1) counsel failed to file a direct appeal (Ground One); (2) counsel misrepresented that Mr. Perry would receive a sentence of no more than fifteen years (Ground Two); and (3) counsel refused to withdraw Mr. Perry's guilty plea (Ground

Three).  *See* Mot. at 4-7.  Mr. Perry also contends that "2D1.1(b)(4) requires mens rea" (Ground Four).  *Id*. at 8.

### III.    Discussion

#### A.    Ineffective Assistance of Counsel

To successfully establish a claim of ineffective assistance of counsel, a defendant must show that his "(1) 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  The Court "may address the performance and prejudice components in any order, but need not address both if [the defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292–93 (10th Cir. 1998).

To satisfy the first prong, Mr. Perry must show that counsel's "representation fell below an objective standard of reasonableness." *Deiter*, 890 F.3d at 1209 (quoting *Strickland*, 466 U.S. at 690).  This showing requires Mr. Perry to overcome the strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (quoting *Strickland*, 466 U.S. at 689–90).  To succeed, he must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *See Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 687).  To satisfy the second prong, Mr. Perry "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).  With

respect to his guilty plea, Mr. Perry may "show prejudice by demonstrating a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Lee v. United States*, 582 U.S. 357, 364–65 (2017) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### 1.    Ground One – Counsel's Alleged Refusal to File a Direct Appeal

Mr. Perry claims that immediately after the Court imposed his sentence and "after leaving the courtroom" he advised his counsel, Jason Murry, that he had "no choice" and that he "must appeal" but Mr. Murry never filed an appeal despite Mr. Perry's "instruction to do so." *See* Doc. No. 721-1 at 2. Mr. Perry's counsel denies that Mr. Perry instructed him to file a direct appeal. *See* Murry Aff. [Doc. No. 735-1] at 3, ¶ 17 ("Mr. Perry did not instruct the undersigned to file an appeal in this matter.").

Where, as here, an ineffective assistance of counsel claim is premised on an alleged specific instruction to perfect an appeal and that instruction is disregarded, counsel "acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005). This is true even where a defendant has waived his appeal rights. *Garza v. Idaho*, 586 U.S. 232, 237 (2019). "Under such circumstances a defendant is entitled to a belated appeal without showing the appeal to have merit." *United States v. Parker*, 720 F.3d 781, 786 (10th Cir. 2013).

Because the Court is faced with contradictory statements about whether Mr. Perry requested his counsel to file a direct appeal, the Court must hold an evidentiary hearing. *See e.g. United States v. Palermo*, 175 Fed. Appx. 244, 246 (10th Cir. 2006) (district court erred in assessing credibility of defendant's version of events without an evidentiary

hearing); *Garrett*, 402 F.3d at 1265 (remanded for an evidentiary hearing concerning whether counsel disregarded petitioner's request to file a notice of appeal, even though movant pled guilty, and his plea agreement contained an appeal waiver).  Accordingly, the Court defers ruling on this issue.

### 2.   Ground Two – Counsel's Alleged Representation that Mr. Perry Would Receive a Sentence of No More than Fifteen Years

In Ground Two, Mr. Perry claims that his counsel "specifically" told him that his sentence would be "no more than 15 years."  Mot. at 5.  According to Mr. Perry, counsel told him that the Government would be offering a sentence of 360 months and that counsel advised him to reject this offer and instead "counter with 180-540 months."  *See* Doc. 721-1 at 1.  Mr. Perry contends that counsel represented that if the Government accepted his counteroffer, he would receive a 180 month sentence "because this would show the judge that the [Government] was agreeable to [a] 180-month sentence."  *Id.*  Mr. Perry claims that counsel "did not inform [him] that the ultimate sentence would be up to the Judge's discretion because [h]e signed a Rule 11(c)(1)(C) plea."  *Id.* at 5.  Mr. Perry states that the "incorrect legal advice" he received from counsel led him to "accept an agreement instead of going to trial, where [he] would have been better served to contest the case against him."  *Id.*

Mr. Perry's claim is belied by the record.  Mr. Perry repeatedly confirmed that he understood the length of the sentence he faced, that the sentence imposed would be solely a matter for the judge, and that no promises other than those set out in the plea agreement had been made.  *See* Plea Agreement [Doc. No. 355] at 5-6, 11-12, ¶¶ 10, 11, 19, 20; Plea

Pet. [Doc. No. 356] at 4-5, 9-10; Change of Plea Tr. [Doc. No. 731] at 8-17.  Mr. Perry also confirmed that he was fully satisfied with the services of his attorney.  *See* Doc. No. 731 at 20-21.  And, consistent with the record as a whole, Mr. Perry's counsel states that he "did not tell Mr. Perry he would receive a sentence of Fifteen (15) years."  Murry Aff. [Doc. No. 735-1] at 3, ¶ 15.

The Court finds the record conclusive on this issue and rejects Mr. Perry's post-hoc assertions and conclusory allegations that his counsel promised a specific sentence.  *See United States v. Holmes*, No. CIV-25-704-R, 2026 WL 483271 at *3 (W.D. Okla. Feb. 20, 2026) (rejecting ineffective assistance of counsel claim raised in § 2255 motion alleging that counsel promised a sentence of 63-78 months where such assertion was "directly refuted by the statements in [defendant's] plea documents") (citing *Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975), then citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."); *United States v. Hill*, 635 F. App'x 536, 548 (10th Cir. 2015) (unpublished) ("Hill repeatedly acknowledged accepting the plea agreement's terms knowingly and voluntarily, and he cannot now casually brush aside his many representations to the district court."); *United States v. Farias*, 268 F. App'x 730, 732 (10th Cir. 2008) (unpublished) ("When measured against these specific statements in the plea agreement, Farias's conclusory allegations of ineffective assistance were clearly insufficient.").  Moreover, Mr. Perry's mere conclusory assertion that he would have gone to trial is insufficient to

demonstrate his counsel provided ineffective assistance. Accordingly, Ground Two is denied.

### 3. Ground Three – Counsel's Alleged Refusal to Withdraw Mr. Perry's Plea

Mr. Perry next claims that "counsel was ineffective for refusing to withdraw the plea." Mot. at 7. In support, Mr. Perry asserts that the day before his sentencing, his counsel visited him and at that time, he told counsel that he wanted to withdraw his plea. Doc. No. 721-1 at 2. Mr. Perry states that he had character statements but that his counsel told him it was too late to submit them and they would not do any good. *Id.* Mr. Perry provides no detail regarding these character statements. He also states that unless he sought to withdraw his plea, he "could not know whether or not the district court would reject the plea[.]" *Id.* at 5. His counsel states that "Mr. Perry did not instruct the undersigned to file a Motion to Withdraw his plea of guilty." *See* Doc. No. 735-1 at 2, ¶ 16.

Mr. Perry cannot establish either deficient performance or prejudice. His claim is wholly conclusory. He does not explain how the alleged character statements would impact his decision to enter a plea of guilty, nor does he identify with any specificity the nature of the character statements. And Mr. Perry's right to withdraw his plea under Rule 11(c)(5) was never triggered because the Court did not reject the plea agreement but accepted it. *See* Sent. Tr. [Doc. No. 734] at 4-5 ("[H]aving reviewed the PSR, the Court does intend and will accept the plea agreement, pursuant to Rule 11(c)(1)(C), as described

by the parties."); *see also id*. at 5 ("I do accept the plea agreement.").[2]   Nor has Mr. Perry

attempted to show that he had a "fair and just reason for withdrawal" of the plea.  *See* Fed.

R. Crim. P. 11(d)(2)(B); *United States v. Yazzie*, 407 F.3d 1139, 1142 (10th Cir. 2005)

(setting forth factors to be considered to make a determination as to whether a fair and just

reason exists for withdrawal of a plea).[3]   Accordingly, Ground Three of the Motion is

denied.

### B.        Ground Four – Mens Rea Requirement Under U.S.S.G. § 2D1.1(b)(4)

In his fourth and final ground for relief, Mr. Perry argues that U.S.S.G.

§ 2D1.1(b)(4) is ambiguous as to whether it includes a mens rea requirement.  Mr. Perry

does not otherwise develop this claim.  But, as the Government correctly contends, this

ground for relief is subject to Mr. Perry's appellate waiver in the plea agreement.  *See* Doc.

No. 355 at 8 (setting forth a waiver of Mr. Perry's right to "collaterally challenge or move

to modify . . . [his] conviction or sentence . . . except with respect to claims of ineffective

assistance of counsel").  And Mr. Perry has not shown, nor does he even argue, that he did

not knowingly and voluntarily waive his collateral attack rights.  *See United States v. Hahn*,

---

[2] In his Reply, Mr. Perry points to the Court's decision, at the plea hearing, to defer consideration of the plea agreement until the PSR was complete.  *See* Reply at 4.  Mr. Perry tries to argue that the decision to defer triggered his right to withdraw the plea.  This is incorrect.  Only the Court's decision to reject the plea agreement would have triggered such a duty under Rule 11(c)(5).  And the Court's decision to defer acceptance of the plea agreement, did not impact the Court's acceptance of the plea itself.  *See, e.g.*, *United States v. Bynum*, 567 F.3d 1255, 1259 (10th Cir. 2009) (recognizing that "[a] district court can accept the guilty plea but defer acceptation of the plea agreement").

[3] Moreover, as the Government argues, Mr. Perry does not assert his innocence and, as noted, the record demonstrates that Mr. Perry was satisfied with the services of his attorney at the time of his plea.

359 F.3d 1315, 1325 (10th Cir. 2004). Nor does Mr. Perry argue that enforcing his appellate waiver will result in a miscarriage of justice. *See United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004). Accordingly, Ground Four of the Motion is denied.[4]

IV. <u>**Appointment of Counsel**</u>

As discussed, an evidentiary hearing is warranted as to the limited issue raised in Ground One. Appointment of counsel is required for the evidentiary hearing if Mr. Perry so qualifies under 18 U.S.C. § 3006A. *See* Rule 8(c), Rules Governing § 2255 Proceedings in the United States District Courts; *Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Upon review of the PSR, and considering the fact that Mr. Perry has been incarcerated for a significant time now, the Court provisionally finds that he is financially unable to obtain counsel and, therefore, qualifies for appointment of counsel for purposes of the evidentiary hearing.

V. <u>**Conclusion**</u>

IT IS THEREFORE ORDERED as follows:

1.      Grounds Two through Four of the Motion are DENIED.

2.      The Court DEFERS ruling on Ground One of the Motion. An evidentiary hearing will be scheduled after an attorney is appointed and is given a reasonable

---

[4] Alternatively the claim is barred as a claim that could have been raised on direct appeal. *See, e.g., United States v. Creighton*, 786 F. App'x 743, 751 (10th Cir. 2019) ("A movant is procedurally barred from raising issues in a § 2255 motion that were raised on direct appeal, or, absent a showing of cause and prejudice, should have been raised on direct appeal." (citing *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994)). Mr. Perry's claim is insufficiently developed and he makes no showing of cause or prejudice as to why the claim was not raised on direct appeal. His claims of ineffective assistance of counsel relate to the length of the sentence negotiated as part of the plea agreement and representations related thereto. They do not include any allegations related to the mens rea requirement of U.S.S.G. § 2D1.1(b)(4).

opportunity to investigate and prepare.  The hearing will be limited to the issue raised in Ground One.

3.      The Court directs the CJA Panel Administrator to provide the Court with the name of an attorney for appointment in this matter.

IT IS SO ORDERED this 11th day of June, 2026.

_____
SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE